IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                CRIMINAL: 15-604 (PAD)

MILY BASTARDO-SEVERINO,

Defendant.

### REPORT AND RECOMMENDATION
### RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

On September 24, 2015, Mily Bastardo-Severino (hereinafter referred to as "defendant"), assisted and represented by counsel, waived her right to be charged by means of an indictment, consented to the filing of an information, and entered a guilty plea as to count one of the information. Count one charges that on or about August 3, 2015, in the District of Puerto Rico and within the jurisdiction of this court, the defendant, being an alien previously removed from the United States, did intentionally and knowingly attempt to enter the United States, without obtaining, prior to her re-embarkation at a place outside the United States, the express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States; all in violation of Title 8, United States Code, Section 1326(a).

**II.     Consent to Proceed Before a Magistrate Judge**

In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that her answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) her right to have the entry of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the

differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

   **A.    Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

   **B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of her rights, defendant was advised of her right:

   1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving her guilt beyond a reasonable doubt.

   2.    To testify or not to testify at trial, and that no adverse inference could be made in relation to her decision not to testify.

   3.    To a speedy trial before a district judge and a jury, at which she would be entitled to see and cross examine the government witnesses, present evidence on her behalf, and challenge the government's evidence.

   4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

   5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing her demeanor and her speaking with her attorney, that to the best of counsel's belief defendant had fully understood her rights, it is determined that defendant is aware of her constitutional rights.

3

### C. Consequences of Pleading Guilty

Upon advising defendant of her constitutional rights, she was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having her guilty plea accepted by the court, she will be giving up the above rights and will be convicted solely on her statement that she is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty she would not be allowed later on to withdraw her plea because she eventually might disagree with the sentence imposed, and that if she violates the conditions of supervised release, that privilege could be revoked and she could be required to serve an additional term of imprisonment. She was also explained that parole has been abolished.

In response to further questioning, defendant was explained and she understood that if convicted on count one she will face a term of imprisonment of not more than two (2) years, a fine not greater than two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than one (1) year.

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon her, she later could not withdraw her guilty plea for that reason alone. The defendant understood this.

The defendant acknowledged that at this stage no guarantees or promises as to the sentence to be imposed had been made to her. The defendant was also explained what the supervised release term means.

### D. Absence of Plea Agreement

There is no plea agreement in this case.  The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory.  In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute.  Defendant acknowledged having understood these explanations.

### E. Government's Evidence (Basis in Fact)

The government proffered the following summary of the evidence which the defendant admitted as true: In the early morning hours of August 3, 2015, a United States Coast Guard aircraft detected a suspicious vessel northeast of the Dominican Republic heading east towards Puerto Rico. The vessel was described as a 20-feet "yola" operating without navigation lights. Later that day a U.S. Coast Guard cutter interdicted the vessel in international waters approximately 68 nautical miles northwest of Mona Island, Puerto Rico. Sixteen persons, including the defendant, were on board the "yola". All persons on board claimed to be nationals from the Dominican Republic and that they were heading to Puerto Rico. In particular, on August 4, 2015, the defendant admitted to law enforcement agents that she did not have any immigration documents to enter or remain in the United States legally. Further investigation using defendant's biometric data revealed that on May 7, 2013, the defendant was arrested by U.S. Border Patrol Agents shortly after she had entered the United States illegally near Aguada, Puerto Rico. The defendant was served with an expedited removal and was physically removed from the United States on May 10, 2013.

Record checks also revealed that the defendant did not have any documents allowing her to enter or be legally in the United States and was not inspected, admitted or paroled into the United States by an officer of the United States Bureau of Customs and Border Protection. The defendant also does not have any petitions pending with the Bureau of Citizenship and Immigration Services.

In view of the previously mentioned facts admitted as true by the defendant, there is a basis in fact as to every element of the offense charged.

### F. Voluntariness

The defendant accepted that no threats had been made to induce her to plead guilty and that she did not feel pressured to plead guilty.

### H. Administrative Consequences

Defendant was warned, and she understood, that her decision to enter a guilty plea in this case may have negative effects upon her immigration status in the United States.

5

**IV.    Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a plea of guilty as to count one of the information. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the information.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.   Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 20th day of October 2015.

s/Marcos E. López
U. S. MAGISTRATE JUDGE
